FILED
Electronically
CV20-00828
2020-06-01 10:58:43 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7901252 : ydierta

COMP
CONNELL LAW
Christopher S. Connell, Esq.
Nevada Bar No. 12720
6671 Las Vegas Blvd., Suite 210
Las Vegas, NV 89119
(702) 266-6355; Fax: (702) 829-5930
cconnell@connelllawlv.com
*Attorneys for Tamarina Cournoyer*

### DISTRICT COURT

### WASHOE COUNTY, NEVADA

| | |
|---|---|
| TAMARINA COURNOYER, individually, | Case No.: |
| Plaintiff, | Dept. No. |
| vs. | **COMPLAINT** |
| TARGET CORPORATION d/b/a TARGET #2472; DOES I-X and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Plaintiff TAMARINA COURNOYER, by and through her attorney of record, CHRISTOPHER S. CONNELL, ESQ. of the law firm CONNELL LAW, complains against Defendant TARGET CORPORATION d/b/a TARGET #2472 (hereinafter the "Defendant") as follows:

### PARTIES

1. That Plaintiff TAMARINA COURNOYER (hereinafter "Plaintiff") is and, at all times mentioned herein, was a resident of the County of Clark, State of Nevada.

2. The Defendant, TARGET CORPORATION d/b/a TARGET #2472 owned and operated that certain business by virtue of the laws of the State of Nevada and at the time of the incident in question was the property owner of the premises located at 1550 E. Lincoln Way, Sparks in the County of Washoe, State of Nevada.

Page 1 of 5

3. That the true names and capacities of the Defendants designated herein as DOES I-X and/or ROE CORPORATIONS I-X are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of these Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

4. That at all times pertinent, Defendants were agents, servants, employees, or joint venturers of every other Defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, or joint venture with knowledge, permission and consent of all other named Defendants.

## JURISDICTION

5. All of the acts giving rise to the instant action occurred in the State of Nevada, County of Washoe.

6. The amount in controversy, represented by actual damages caused to Plaintiff, exceeds $15,000.

## GENERAL STATEMENT OF FACTS

7. On or about June 13, 2018, Plaintiff TAMARINA COURNOYER, was a guest and/or business invitee on the premises of Defendants when she slipped and fell as a result of a foreign debris or substance on the floor of the premises.

8. It was the duty of Defendants and each of them, to use ordinary due care and diligence to keep and maintain the premises in a condition reasonably safe for its intended guests and business invitees and to keep said premises free from all conditions which would render it dangerous and unsafe for Plaintiff or present an unreasonable risk of harm to her in her lawful use of the same.

9. It was the duty of Defendants and each of them, to exercise reasonable care to protect Plaintiff from the danger of reasonably foreseeable injury occurring from her reasonable foreseeable use of the premises.

10. It was the duty of the aforesaid Defendants, and each of them, to have available sufficient numbers of personnel and equipment, sufficiently trained to properly inspect and maintain the aforesaid premises in a condition reasonably safe for Plaintiff and free from debris and any foreign substance and conditions rendering it unsafe.

11. It was the duty of the aforesaid Defendants, and each of them, to warn Plaintiff of the dangerous and unsafe conditions rendering it unsafe.

12. The fall and resulting injuries of Plaintiff were proximately caused by the negligence of Defendants, and each of them.

13. Defendant breached its duties of reasonable and ordinary care to Plaintiff and to others.

14. Defendant was directly responsible for each and every act of said agents, servants and/or employees, who were acting within the course and scope of their employment and for the benefit of TARGET CORPORTION d/b/a/ TARGET #2472.

### FIRST CAUSE OF ACTION
### (Negligence)

15. Plaintiff incorporates paragraphs 1 through 14 of the Complaint as though said paragraphs were fully set forth herein.

16. Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious Dangerous Condition.

17. Defendants breached this duty of care by failing to place adequate caution signs, or otherwise failing to warn Plaintiffs of the dangerous, non-obvious condition.

18. Defendants' negligence directly and proximately caused Plaintiffs serious injury

19. As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiffs' damage in a sum in excess of $15,000.

20. That said medical treatment is continuing and is likely to continue in the future.

21. Upon information or good faith belief, Defendants did not provide adequate training for its employees.

22. Upon information or good faith belief, Defendants hired persons who were not sufficiently trained to ensure patrons safety.

23. Upon information or good faith belief, many patrons have been injured due to similar circumstances.

24. Upon information or good faith belief, spills of liquids on the floor occur on a frequent basis at this Property.

25. Upon information or good faith belief, Defendants were on notice of frequent spills of liquids in the locale where the incident occurred.

26. As a direct and proximate result of Defendants' negligence, Plaintiffs have been required to and has limited certain occupational and recreational activities, which has caused, and is likely to continue to cause loss of earning capacity, lost wages, and loss of enjoyment of life.

27. Plaintiffs have been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TAMARINA COURNOYER, expressly reserving the right to amend this complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against all Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained by Plaintiff in an amount in excess of $15,000.00;
3. For reasonable attorney's fees and costs;
4. For interest at the statutory rate; and
5. For such other relief as the Court deems just and proper.

DATED this 1st day of June 2020.

/s/ Christopher S. Connell
CONNELL LAW
Christopher S. Connell, Esq.
Nevada Bar No. 12720
6671 Las Vegas Blvd., Suite 210
Las Vegas, NV 89119
(702) 266-6355; Fax: (702) 829-5930
cconnell@connelllawlv.com
*Attorneys for Tamarina Cournoyer*

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030 and 603A.040**

The undersigned does hereby affirm that the preceding document, _____

_____ **COMPLAINT** _____
(Title of Document)

filed in case number: _____

[X] Document does not contain the personal information of any person

- OR -

[ ] Document contains the social security number of a person as required by:

  [ ] A specific state or federal law, to wit:

  _____
  (State specific state or federal law)

  - or -

  [ ] For the administration of a public program

  - or -

  [ ] For an application for a federal or state grant

  - or -

  [ ] Confidential Family Court Information Sheet
  (NRS 123.130, NRS 125.230, and NRS 125B.055)

Date: 6/1/20 _____      /s/ Christopher S. Connell
                                 (Signature)

                                 Christopher S. Connell, Esq.
                                 (Print Name)

                                 Plaintiff
                                 (Attorney for)

Affirmation
Revised August 10, 2017